**\*\*E-filed 09/23/2010\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

MICHAEL BOCK and LORIE BOCK,

    Plaintiffs,

  v.

TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY,

    Defendant.
_____/

No. C 10-0722 RS

**ORDER DENYING MOTION TO ALTER OR AMEND THE JUDGMENT**

    Plaintiffs Michael and Lorie Bock brought this action seeking a determination that defendant Travelers Property Casualty Insurance Company, from whom they had purchased homeowners insurance, was obligated to defend them in a property line dispute with their neighbors. On June 28, 2010, Travelers' motion for judgment on the pleadings was granted and judgment entered in its favor. The Bocks now move under Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend the judgment, contending that decision was based on "manifest errors of fact and law." Pursuant to Civil Local Rule 7-1(b), the matter was submitted for decision without oral argument. The motion is denied for the following reasons:

    1. As Travelers points out, "'Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.''" *Exxon Shipping Co. v. Baker*, 128 S.Ct. 2605, 2617 n.5

(2008) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127-128 (2d ed. 1995)). A Rule 59(e) motion is properly denied where it presents no arguments that "had not already been raised in opposition to" the underlying motion. *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989). The present motion fails on this ground alone.

2. The Bocks initially premise the Rule 59(e) motion on their assertion that in granting judgment on the pleadings, "the Court found that although the underlying cross-complaint alleged a covered claim for accidental trespass . . . Travelers was nonetheless relieved of its duty defend Plaintiffs because it did not believe that the cross-complaint included such a claim." As a result, the Bocks contend, the June 28, 2010 Order represents the first time a court has ever held that "an insurer did not have a duty to defend a covered claim." Nothing in the June 28, 2010 Order "found" that the underlying cross-complaint alleged a claim for "accidental trespass" or even that any such claim would necessarily have been covered under the terms of the policy at issue. In fact, the underlying cross-complaint specifically alleged that the purported trespass was willful and undertaken with full knowledge of the neighbors' legal rights—there was no suggestion in the cross-complaint of any "accidental trespass."[1] Accordingly, the Court did *not* find or hold that there was any covered claim alleged that Travelers nonetheless was excused from defending.

3. Citing the California Civil Jury Instructions ("CACI"), the Bocks argue that state law recognizes a claim for "accidental trespass." *See* CACI 2000 ("plaintiff must prove . . . [t]hat defendant intentionally, recklessly, or negligently entered plaintiff's property.") Putting aside for a moment the question of whether Travelers could or should have recognized the *potential* that the Bock's neighbors might assert such a claim (albeit unpleaded), the mere fact that a state law cause of action labeled "accidental trespass" may exist does not mean that it would constitute an "accident" within the terms of the insurance policy. As discussed in the June 28 2010 Order, *Fire Insurance Exchange v. Superior Court*, 181 Cal.App.4th 388 (2010), and the cases on which it

---

[1] The Bocks may be correct that that the failure of the cross-complaint to allege accidental trespass would not, in and of itself, be dispositive, and that issue is discussed further below. The point here is that, contrary to the Bocks' assertion, the cross-complaint did not *allege* accidental trespass, nor did the July 28, 2010 Order find otherwise.

1  relied, hold that it does not. *See id.* at 396 (defendants' "mistaken belief in their legal right to build
2  does not transform their intentional act of construction into an accident.").

3      4. The Bocks, however, appear to be using the term "accidental trespass" somewhat
4  differently. They do not suggest that their neighbors might have been seeking to hold them liable
5  even if they mistakenly and negligently encroached on the neighbor's property, but that the
6  rainwater discharge from their carport roof was an unforeseen "accident" that caused damage to the
7  neighbors' property in addition to and apart from the encroachment itself. Thus, the Bocks
8  contend, an "additional, unexpected, independent, and unforeseen happening occur[ed] that
9  produce[d] the damage," which even *Fire* Insurance recognized could give rise to coverage. *Fire*
10 *Insurance, supra*, 181 Cal.App.4th at 392. Even assuming that event could be characterized as
11 "accidental trespass," however, by so arguing the Bocks have brought themselves squarely within
12 the rule that an insurer need not *speculate* about possible claims that have not been pleaded. *See*
13 *Gunderson v. Fire Ins. Exchange*, 37 Cal.App.4th 1106, 1117 (1995); *Hurley Construction Co. v.*
14 *State Farm Fire & Casualty Co.*, 10 Cal.App.4th 533,538 (1992). Precisely *because* the Bocks are
15 contending that the covered event was "unexpected, independent, and unforeseen," in the absence of
16 any allegations in the underlying cross-complaint that such a mishap had occurred, Travelers was
17 under no obligation to anticipate that there was a potential for such a claim.[2]

18     5. Indeed, Travelers did not dispute, at least for the purposes of its motion for judgment on
19 the pleadings, that had it been advised of the additional and independent damage allegedly caused
20 by the rainwater runoff, it would have been obligated to provide a defense. While that damage
21 happened to result from the construction of the encroaching structure, it was not intrinsic to the
22 alleged encroachment such that Travelers should have recognized it as a potential claim. The
23 logical disconnect between the alleged encroachment and the rainwater runoff damage is evidenced

---

[2] The fact that, unbeknownst to Travelers, the Bock's neighbors *actually* contended their property had been damaged by the runoff does not make it any less speculative. It is undisputed that the Bocks never advised Travelers that the neighbors were so contending. Although Travelers would have been factually correct had it somehow guessed as much, it would have still been an exercise in speculation.

3

by the fact that the Bock's neighbors could have claimed the latter even if they had not believed the carport encroached on their property.

6. Finally, the Bocks cite *Borg v. Transamerica Ins. Co.,* 47 Cal.App.4th 448 (1996) for the proposition that Travelers could not avoid its duty to defend unless it produced "undisputed evidence" that the claim was not covered. This argument is misdirected in at least two respects. First, there is in fact no dispute as to what was alleged in the complaint and what Travelers actually knew. For the reasons set forth above and more fully in the June 28, 2010 order, no duty to defend arose on those undisputed facts. Second, and relatedly, the cited portion of *Borg* merely sets out the rule as to when an insurer may *stop* defending an action where the allegations of the complaint (and/or extrinsic facts known to the insurer) initially created a duty to defend. *See* 47 Cal.App.4th at 455 ("when a suit against an insured alleges a claim that potentially or even possibly could subject the insured to liability for covered damages, an insurer must defend unless and until the insurer can demonstrate, by reference to undisputed facts, that the claim cannot be covered."). That principle simply has no application here.

IT IS SO ORDERED.

Dated: 9/23/2010

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

4